### ALBERT COLEMAN v. THE STATE.

*No. 844. Decided February 5th, 1896.*

1. **Jurisdiction—Plea of Former Conviction—Life Sentence in a Previous Trial for Another Murder.**

   The fact that a defendant has already been tried, convicted and sentenced to life imprisonment in the penitentiary for one murder; constitutes neither a good plea to

the jurisdiction of the court nor a good plea of former conviction on a subsequent trial for the murder of another party,

### 2. ·Plea of Guilty—Requisites of—Findings Upon.

The pre-requisites to the sufficiency of a plea of guilty, under provisions of Art. 518, Code Crim. Proc., are: (1) That defendant was admonished by the court of the consequences of the plea. (2) That he was sane. (3) That he was uninfluenced by any consideration of fear, by any persuasion or delusive hope of pardon prompting him to confess his guilt. These pre-requisites to the validity of the plea and the acceptance thereof by the court are indispensible and must be made manifest of record by findings thereupon by the court, and a charge of the court stating, "that the defendant has pleaded guilty after being by the court fully warned of the consequences of the plea," is not sufficient to supply the absence in the record of the findings by the court as to such pre-requisites.

APPEAL from the District Court of Navarro. Tried below before Hon. RUFUS HARDY.

This appeal is from a conviction for murder in the first degree, the punishment being assessed at death.

The defendant pleaded guilty to the indictment. The defects as to the sufficiency of the plea are stated in the opinion.

[No briefs have come to the hands of the Reporter.]

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—The appellant was tried under an indictment charging him with murder. The jury found him guilty of murder in the first degree, and assessed his punishment at death; and from the judgment of the lower court he prosecutes this appeal. The appellant made a motion to dismiss this case, on the ground that he had previously, at the same term of court, been tried on an indictment charging him with murder of another person than the one contained in the indictment in this case, was convicted of murder in the first degree, and his punishment assessed at confinement in the penitentiary for life. He introduced before the court evidence of this conviction, and claimed that he had been punished by a life sentence in another case, and that the court had no jurisdiction to try him for the murder of another person. This matter was also presented in a motion in arrest of judgment. The court overruled said motion, and in this there was no error. The record in this case shows that the appellant, on the trial, entered a plea of guilty; but the record in the case nowhere shows that, in connection with such plea, the defendant was admonished by the court of the consequences thereof, nor is it anywhere shown that, in making said plea, it plainly appeared to the court that the appellant was sane, and was uninfluenced by any consideration of fear, or by any persuasion or delusive hope of pardon, prompting him to confess his guilt. It is true that the charge of the court states "that the defendant has pleaded guilty, after being by the court fully warned of the consequences of such plea." But, even if it be conceded that this, in contemplation of the statute, constitutes a part of the record of a case, yet this of itself does not show that the appellant was considered by the court as sane, or that he was uninfluenced by any consideration of fear, or by any persuasion or

delusive hope of pardon, prompting him to confess his guilt.    In our opinion, however, this is a matter which must be presented to the court, and the court must make its findings thereon, and this must be entered of record in connection with the plea of guilty.   These pre-requisites to the validity of the plea, and the acceptance thereof by the court, are indispensable, and must be made manifest of record.   They cannot be supplied by inference, intendment or presumption.   See Code Crim. Proc., Arts. 518, 519, 538; Saunders v. State, 10 Tex. Crim. App., 336; Wallace v. State, Id., 407; Frosh v. State, 11 Tex. Crim. App., 280; Sanders v. State, 18 Tex. Crim. App., 372.   For the error of the court in failing to have the record show, in connection with the plea of guilty, the requirements as provided for in Art. 518, Code Crim. Proc., the judgment is reversed, and the cause remanded.

*Reversed and Remanded.*