Eriverto BALTAZAR, Appellant,

v.

The STATE of Texas, Appellee.

No. 35994.

Court of Criminal Appeals of Texas.
Nov. 20, 1963.

Rehearing Denied Jan. 22, 1964.

Frank Y. Hill, Jr., San Antonio, for appellant.

James E. Barlow, Dist. Atty., Jerry P. Heltzel and M. C. Gonzales, Asst. Dist. Attys., San Antonio, and Leon B. Douglas, State's Atty., of Austin, for the State.

MORRISON, Judge.

The offense is robbery by assault; the punishment, 10 years.

The sole defense was that of insanity, and the sole question presented is that of jury misconduct. Attached to appellant's amended motion for new trial, we find the affidavits of three of the jurors. Juror Arzola swore that during their deliberations someone stated "that there was a psychiatric ward at the Huntsville State Prison where the defendant would go if we found him sane at the time of the trial and assessed a punishment."

Juror Alderete swore that someone "made the remark that there was a psychiatric ward at Huntsville where he would go if we found him sane at the time of the trial and where he would receive psychiatric help."

The State filed a controverting affidavit and attached thereto the affidavits of three of the jurors, but we have examined them with care and fail to find that any of them denied that the above quoted statements were made.

■ There was therefore no issue for the trial court's determination. Rogers v. State, 158 Tex.Cr.R. 8, 252 S.W.2d 465.

■ . The State's attack on the motion because it was not sworn to by appellant's

counsel cannot be sustained. Jackson v. State, 157 Tex.Cr.R. 323, 248 S.W.2d 748.

At the hearing on the motion for new trial, the court asked counsel if he was offering the affidavit attached to the motion, and counsel replied in the affirmative.

We must now determine if the above quoted statements constitute reversible error. The test is whether or not the statement is untrue and *harmful* to accused. Roberson v. State, 160 Tex.Cr.R. 381, 271 S.W.2d 663.

It is obvious that if the jury found appellant sane he would not go to a psychiatric ward at the State Penitentiary. This would occur only if the prison authorities became convinced that he had become insane after he arrived at the prison. Art. 932–1 Sec. 11, V.A.C.C.P.

Because of the jury misconduct pointed out, the judgment is reversed and the cause is remanded.