**Ex parte Delmar Lee WATSON.**

**No. 48377.**

Court of Criminal Appeals of Texas.

April 24, 1974.

———◆———

Robert Scogin (Court-Appointed), Kermit, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is an appeal from a hearing at which petitioner's application for habeas corpus was denied.

The petitioner plead guilty in 1973 to two charges of forgery, and was sentenced to five years' imprisonment on each, al-

though the sentences were to run concurrently. No appeal from the convictions was taken.

Petitioner raises several contentions in urging that the writ should be granted; however, in view of our disposition of his contention regarding Art. 26.13, Vernon's Ann.C.C.P. admonishments, it will not be necessary to discuss the others.

With regard to cause # 2426, the record reveals the following:

"THE COURT: How do you wish to plead?

"MR. WATSON: Guilty.

"THE COURT: Now then, after you have consented to waive a trial by a Jury and after the indictment has been read to you and you have entered your plea, I wish to admonish you at this time of the consequences of the plea. This is not because of any promise made to you that you're entering this plea?

"MR. WATSON: No.

"THE COURT: All right. You understand what you're charged with?

"MR. WATSON: Yeah.

"THE COURT: You understand that the punishment for forgery is by confinement in the State Penitentiary for a period of not less than two nor more than seven years?

"MR. WATSON: Yeah.

\* \* \* \* \* \*

"THE COURT: And knowing all these things, do you still insist on entering your plea of guilty?

"MR. WATSON: Yes.

"THE COURT: All right. You're in your right mind at this time and understand everything that is going on here?

"MR. WATSON: Yes.

"PROSECUTING ATTORNEY: Is the Court making a finding, for the record, that he is in his right mind at this time?

"THE COURT: Yes. For the purpose of the record, I do find that the Defendant is sane and understands what is going on here and that he has intelligently and knowingly entered his plea of guilty.

"PROSECUTING ATTORNEY: Does the Court find that he is entering his plea not because of any coercion or duress or promise of reward or hope for pardon prompting him to confess his guilt?

"THE COURT: Yes, I do so find."

The court had previously asked petitioner if he was waiving a jury trial " . . . not because of any promise or any delusive hope of reward or delusive hope of pardon?" The court had also inquired as to his sanity. However, these admonishments related to the waiver of the jury.

As will be seen from the portion of the record quoted above, no questions were directed to the petitioner regarding considerations of fear, persuasion, or delusive hope of pardon. The court's finding that the plea was voluntary was made at the request of the prosecuting attorney, and although the finding was in the form of an admonishment, such an admonishment was never given to the petitioner.

With regard to cause #2425, the record reveals almost exactly the same sequence of events in almost exactly the same language.

This petitioner was no more properly admonished than was the petitioner in Ex Parte Williams, 499 S.W.2d 172 (Tex.Cr. App.1973). The terms of Art. 26.13, V.A. C.C.P., require that the relief he seeks be granted.

It is therefore ordered that the petitioner be released from further confinement under the judgments in question and that he be surrendered to the Sheriff of Winkler County to answer the indictments against him in these causes.

DOUGLAS and ODOM, JJ., dissent.