**Cecil Earl PIGG, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 48165.

Court of Criminal Appeals of Texas.

May 1, 1974.

Benny J. Lowe, of Alexander, McDonald & Lowe, Odessa, for appellant.

John Green, Dist. Atty., & Dennis Cadra, Asst. Dist. Atty., Odessa, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

JACKSON, Commissioner.

Appellant was convicted on a plea of guilty of robbery by assault; punishment was assessed by the jury at twenty-eight (28) years.

The case presents fundamental error which must be considered in the interest of justice. See Art. 40.09, § 13, Vernon's Ann.C.C.P.

The record reflects that upon learning of the appellant's desire to plead guilty to the charge the court admonished the appellant in the following manner:

"THE COURT: You understand if you plead guilty and persist in pleading guilty this jury upon proper evidence would have to find you guilty?

"MR. PIGG: Yes, Sir.

"THE COURT: And then it would be up to the jury to assess your punishment at some term in the penitentiary not less than five or any term of years up to life or probation as the case may be, do you understand that?

"MR. PIGG: Yes, sir.

"THE COURT: And you are pleading guilty because you are guilty, is that correct?

"MR. PIGG: Yes, Sir.

"THE COURT: All right. Be seated. Call your first witness."

The above admonition in no way inquired as to fear, persuasion, or delusive hope of pardon prompting him to confess his guilt. Inquiry concerning these considerations is requisite for compliance with Art. 26.13, V.A.C.C.P. Harris v. State, Tex.Cr.App., 500 S.W.2d 126; McNeal v. State, Tex.Cr.App., 499 S.W.2d 173; Ex parte Harvey, Tex.Cr.App., 495 S.W.2d 229; Prudhomme v. State, Tex.Cr.App., 495 S.W.2d 941.

For the error shown the judgment is reversed and the cause remanded.

Opinion approved by the Court.