**Louis F. CEVILLA and Ruben Lara,**
**Appellants,**

v.

**The STATE of Texas, Appellee.**

**No. 49168.**

Court of Criminal Appeals of Texas.

Nov. 13, 1974.

W. T. "Bill" Dorman and John J. Herrera, Houston, for appellants.

Wiley Cheatham, Dist. Atty., Cuero, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

The appellants plead guilty before the court to the offense of possession of marihuana. Punishment in each case was assessed at five years' imprisonment.

 At the outset, we are faced with a matter not raised in the appellants' brief, but which requires our review in the interests of justice. See Art. 40.09, Sec. 13, Vernon's Ann.C.C.P.

It appears that these appellants and two other co-defendants entered their pleas at the same time. Thereafter, the court admonished them as a group regarding their waivers of their various constitutional and statutory rights. The record reflects a proper statement to them of the range of punishment which might be imposed, and an inquiry geared to determining their respective mental conditions.

However, the record does not reflect *any* attempt to properly comply with

the requirements of Art. 26.13, V.A.C.C.P., regarding considerations of fear, persuasion, or delusive hope of pardon which might prompt them to confess their guilt. There was no inquiry whatsoever as to any of the listed matters. We have repeatedly held that inquiries as to force or fear and promises or persuasion are absolute requisites for minimum compliance with Art. 26.13, supra. See Jefferson v. State, 486 S.W.2d 782 (Tex.Cr.App.1972); Ex parte Watson, 508 S.W.2d 399 (Tex.Cr.App. 1974) and Pigg v. State, 508 S.W.2d 652 (Tex.Cr.App.1974) and cases there cited. Absent the required minimal compliance with Art. 26.13, supra, the convictions cannot stand; the judgments must be reversed and the causes remanded.

With regard to the sentences imposed in these cases, in the event of a retrial, we call the court's attention to our decisions in Milligan v. State, 465 S.W.2d 157 (Tex. Cr.App.1971); Vale v. State, 486 S.W.2d 370 (Tex.Cr.App.1972), and Ex parte Brown, 477 S.W.2d 552 (Tex.Cr.App.1972).

The judgments are reversed, and the causes remanded.

DOUGLAS, J., concurs in the result.