Donald Lee PINSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 50983.

Court of Criminal Appeals of Texas.

Dec. 17, 1975.

Rehearing Denied Jan. 14, 1976.

Richard L. Petronella, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Alvin M. Titus and Michael Hinton, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

Appellant was convicted of murder; punishment, assessed at death, was subsequently commuted by the Governor of Texas to confinement for life.

◼ In his first ground of error appellant contends the trial court failed to properly admonish him as required by Article 26.13, V.A.C.C.P., before accepting his plea of nolo contendere.[1] The court admonished appellant of the range of punishment but did not inquire whether his plea was influenced by fear, persuasion, or delusive hope of pardon. There is no showing that appellant was prejudiced or injured by the failure of the trial court to make such inquiries, nor was objection made at the time the plea was accepted or by motion for new trial. *Guster v. State,* Tex.Cr.App., 522 S.W.2d 494.

Neither was there a total failure to admonish appellant as to the range of punishment. Cf. *Walker v. State,* Tex.Cr.App., 524 S.W.2d 712. Reversible error is not shown. The ground of error is overruled.

◼ In his second ground of error appellant asserts that a new trial is required because other evidence was received by the jury during deliberations, citing *Gibbs v. State,* 163 Tex.Cr.R. 370, 291 S.W.2d 320, and *Baltazar v. State,* Tex.Cr.App., 373 S.W.2d 753. In each of those cases the defendant offered evidence in support of his motion for new trial at the hearing thereon. In the instant case appellant failed to offer the affidavits that had been filed with the motion, and also failed to offer any other evidence in support of his motion when it was called for hearing. Not having been presented with evidence in support of the motion when it was called for hearing, the trial court did not err in denying a new trial. *Rios v. State,* Tex.Cr.App., 510 S.W.2d 326; *Stephenson v. State,* Tex.Cr.App., 494 S.W.2d 900; *Walker v. State,* Tex.Cr.App., 440 S.W.2d 653. The ground of error is overruled.

The judgment is affirmed.

ONION, Presiding Judge (dissenting).

The majority has moved from the sublime to the ridiculous in their interpretation of Article 26.13, Vernon's Ann.C.C.P., abandoning any pretense of a requirement that there even be "substantial compliance" with the statute which forbode dire consequences for the interpretation to be given the 1975 amendment of the statute[1] passed in an attempt to validate some of their past emasculation of a wholesome statute.

---

1. The court, in addition to informing appellant of the range of punishment, ascertained that appellant had conferred thoroughly with his two attorneys before changing his plea, that he agreed with his attorneys on the advisability of changing his plea, that it was his personal desire to change the plea, that he was satisfied with the representation he was receiving from his attorneys, that he understood what he was doing, and that he was of sound mind. Only after this did the court allow appellant to change his plea from not guilty to nolo contendere. At no time were objections or inquiries made by appellant during the proceedings.

1. Article 26.13, Vernon's Ann.C.C.P., 1965, was amended by Acts 1973, 63rd Leg., p. 968, ch. 399, Sec. 2(A), effective January 1, 1974. It was again amended by Acts 1975, 64th Leg., p. 909, ch. 341, Sec. 3, effective

The trial of the instant murder case commenced on January 31, 1972, before a jury on a plea of not guilty.[2] After several days of trial the appellant changed his plea to nolo contendere. The court accepted such plea and instructed the jury to return a verdict of guilty and to assess punishment. The jury assessed punishment at death. Such punishment was later commuted to life imprisonment by the Governor of Texas.

In his appellate brief filed in the trial court in accordance with Article 40.09, Sec. 9, Vernon's Ann.C.C.P., the appellant complains of the trial court's failure to properly admonish him as required by Article 26.13, supra, then in existence, and contends the same calls for reversal. Under the provisions of Article 40.09, supra, the trial court, after consideration of the appellate briefs and oral arguments, if any, had the right to grant a new trial. The trial court, however, took no action to pass on this ground of error thus raised in the trial court and the record was forwarded to this court.

The record reflects that after appellant and his counsel indicated to the trial court he desired to change his plea to nolo contendere the court advised him of the range of punishment, inquired whether he was of sound mind [3] and if he desired to change his plea. As the majority opinion notes, there was no inquiry as to whether the plea was prompted by any consideration of fear, any persuasion or delusive hope of pardon as

required by the statute. Further, there was no inquiry as to "force," "coercion" or "promise," which have on occasion been held sufficient to meet the requirements of the statute, see, i. e., *Mayse v. State*, 494 S.W.2d 914 (Tex.Cr.App.1973). Clearly the court's inquiry was not sufficient to show that the appellant was freely and voluntarily entering the nolo contendere plea.

### Part I

Article 26.13, Vernon's Ann.C.C.P., in effect at the time of trial, reads as follows:

"If the defendant pleads guilty, or enters a plea of nolo contendere he shall be admonished by the court of the consequences; and neither of such pleas shall be received unless it plainly appears that he is sane, and is uninfluenced by any consideration of fear, or by any persuasion, or delusive hope of pardon, prompting him to confess his guilt."

The statute and its forerunner have been a part of every Code of Criminal Procedure ever enacted in this State and have been in existence since 1857. See *Bosworth v. State*, 510 S.W.2d 334, 336 (Tex.Cr.App. 1974) (Dissenting Opinion). The statute and its forerunners were enlightened statutes designed to provide procedure to prevent a plea of guilty or later a plea of nolo contendere from being entered in a felony case without a determination that the same was freely and voluntarily entered.

June 19, 1975. Such are not here applicable to this 1972 trial. However, the 1975 amendment reads as follows:

"(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

"(1) the range of punishment attached to the offense; and

"(2) the fact that any recommendation of the prosecuting attorney as to punishment is not binding on the court.

"(b) No plea of guilty or plea of nolo contendere shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary.

"(c) In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court."

2. The record reached this court on September 15, 1975.

3. Prior to the instant trial there was a separate pre-trial sanity hearing wherein the jury found the appellant competent to stand trial.

The statute, changed little in verbiage over the years, has governed the procedure in accepting such pleas in felony cases, and has until recently been interpreted consistently. Over the years this court has again and again held that the statute was mandatory. See, i. e., *Ex parte Chavez*, 482 S.W.2d 175 (Tex.Cr.App.1972); *Ex parte Battenfield*, 466 S.W.2d 569 (Tex.Cr.App. 1971); *May v. State*, 151 Tex.Cr.R. 534, 209 S.W.2d 606 (1948); *Coleman v. State*, 35 Tex.Cr.R. 404, 33 S.W. 1083 (1896); *Saunders v. State*, 10 Tex.App. 336 (1881). And the court for many years held that failure to comply with the mandatory provisions of the statute may be raised any time. *May v. State*, supra; *Alexander v. State*, 163 Tex. Cr.R. 53, 288 S.W.2d 779 (1956); *Ex parte Battenfield*, supra; *Ex parte Chavez*, supra; *Wilson v. State*, 456 S.W.2d 941 (Tex.Cr. App.1970) (Concurring Opinion).

Over the years it has been held that statutory requirements "are indispensable to the validity of such plea, and must be shown by the record, to sustain a conviction thereon." *Coleman v. State*, supra; *Bosworth v. State*, supra (Dissenting Opinion) and cases there cited. It was also held that these prerequisites to the validity of the plea cannot be supplied by inference, intendment or presumption. *Coleman v. State*, supra.

With this background and interpretation, the statute up to the date of the instant trial was repeatedly reenacted by the Legislature with little or no change, showing under a well established rule of statutory construction this approval of such interpretation and that the same construction is applicable.[4]

Ignoring such well established rule of statutory construction,[5] the three man majority, constituting itself a three man Legislature[6] and imposing their own views, began an emasculation of the statute in 1973. Their efforts at emasculation have been detailed elsewhere and will not be detailed here.[7] It is observed that in *Espinosa v. State*, 493 S.W.2d 172 (Tex.Cr.App.1973), and *Mitchell v. State*, 493 S.W.2d 174 (Tex. Cr.App.1973), the majority decided to eliminate any requirement that there be any inquiry whether the guilty plea or plea of nolo contendere was prompted by a "delusive hope of pardon." In *Bosworth v. State*, supra, the necessity of any inquiry as to "persuasion" was eliminated, although for a while the required inquiry as to "any consideration of fear" seemed alive and well. See *Wade v. State*, 511 S.W.2d 7 (Tex.Cr.App.1974). See also *Ex parte Watson*, 508 S.W.2d 399 (Tex.Cr.App.1974); *Pigg v. State*, 508 S.W.2d 652 (Tex.Cr.App. 1974); *Cevilla v. State*, 515 S.W.2d 676 (Tex.Cr.App.1974).

When confronted, however, with an admonishment that did not include any inquiry as to "fear," in *Guster v. State*, 522 S.W.2d 494 (Tex.Cr.App.1975), the majority took a different tack. It will be discussed later.

**4.** 53 Tex.Jur.2d, Statutes, Sec. 192, p. 294, states:

"Where a statute that has been construed, either by a court of last resort or by executive officers, is reenacted without any substantial change of verbiage, it will continue to receive the same construction

. . . .

"Where a statute is reenacted without material change, it is generally presumed that the legislature knew and adopted or approved the interpretation placed on the original act, and intended that the new enactment should receive the same construction as the old one . . . ."

**5.** The rule seems to be alive and well as it was recently utilized in *Carvajal v. State*,

529 S.W.2d 517 (Tex.Cr.App.1975), in an opinion authored by Judge Odom. It was conveniently ignored, however, in the new interpretation given to Article 26.13, supra, by the majority.

**6.** See and cf. dissenting opinion in *Coleman v. State*, 530 S.W.2d 823 (Tex.Cr.App.1975), by Judge Roberts.

**7.** See dissenting opinion in *Bosworth v. State*, supra; *Guster v. State*, 522 S.W.2d 494 (Tex.Cr.App.1975); *Walker v. State*, 524 S.W.2d 712 (Tex.Cr.App.1975).

The majority's opinion in *Ex parte Taylor*, 522 S.W.2d 479 (Tex.Cr.App.1975), also represented a significant departure from past decisions concerning interpretations of Article 26.13, supra. Such opinion held that the petitioner was not entitled to relief on collateral attack if the failure to comply with the otherwise mandatory statute did not result in injury to the petitioner such as would deprive him of a fair trial or deny him a constitutional right. Then the majority in *Williams v. State*, 522 S.W.2d 488 (Tex.Cr.App.1975), extended *Taylor* and held that if the violation of Article 26.13, supra, was not assigned as error in the trial court under Article 40.09, Vernon's Ann.C.C.P., it would not be considered by this court as unassigned error "in the interest of justice" under Article 40.09, Sec. 13, Vernon's Ann.C.C.P. In *Guster v. State*, 522 S.W.2d 494 (Tex.Cr.App.1975), the majority further held that unless there is a showing that the accused is prejudiced or injured by the trial court's failure to *fully* comply with the statute and there is no objection to such failure at the time of the plea or by motion for new trial, no appellate review will follow even if such failure is assigned as error under Article 40.09, Sec. 9, Vernon's Ann.C.C.P., by appellate brief filed in the trial court while the trial court still retains jurisdiction and can grant a new trial. Article 40.09, Sec. 12, Vernon's Ann.C.C.P.

Subsequently in *Walker v. State*, 524 S.W.2d 712 (Tex.Cr.App.1975), the failure to comply with Article 26.13, supra, was raised for the first time on appeal in a motion for rehearing in this court after an opinion on original submission had been handed down. In *Walker* the majority announced that the error could then be raised because the trial court had not *fully* complied with the statute since there was a *total* failure to explain or even mention the range of punishment (consequences of the plea), to Walker, although there was compliance with the balance of the statute.

In *Walker v. State*, supra, the dissenting opinion inquired:

"Is this total failure approach applicable to a total failure to inquire as to whether the guilty plea was prompted by 'any consideration of fear'? To a total failure to inquire as to 'any persuasion'? To a total failure to inquire as to a 'delusive hope of pardon'? Would this new approach apply to a total failure to inquire as to any or all of the three factors above? If it does not, is the majority making the distinction between one portion of Article 26.13, supra, and another? Is the majority giving more weight to one portion of the statute than another? It is observed that the majority opinion, in conclusion, cites with approval the concurring opinion in *Cameron v. State*, 508 S.W.2d 618 (Tex.Cr.App.1974), which favored the semicolon approach, holding in effect that everything in the statute prior to the semicolon in the statute (including the consequences of the plea requirement) was mandatory and the rest was not. Has this approach of one judge now become the majority's approach since *Guster*?"

The instant case answers many of these questions for it is now obvious that more weight is given to the consequences of the plea (range of punishment) than to the balance of the statute. Thus, where there is a total failure to admonish as to the range of punishment, the question of compliance can be raised for the first time at least as late as a motion for rehearing in this court. On the other hand, a total failure to comply any inquiry as to fear, persuasion, delusive hope of pardon, etc., to determine whether the plea was freely and voluntarily entered, which inquiry is the very essence of the statute, cannot be raised by appellate brief filed in the trial court at a time when the trial court can still grant a new trial. See Article 40.09, Sec. 12, Vernon's Ann.C.C.P.[8] Such approach seems to adhere to the semi-

8. It now appears possible under this decision that a judge may fail to make any

inquiry as to voluntariness and even misinform the accused as to the proper range of

colon interpretation espoused in the concurring opinion in *Cameron v. State*, 508 S.W.2d 618 (Tex.Cr.App.1974). Cf. *Ex parte Rodriguez*, 39 Tex. 705 (1873). See "The Semicolon Court of Texas," George E. Shelley, The Southwestern Historical Quarterly, Vol. XLVIII, No. 4, April, 1945.

As earlier noted, there was a total failure of any inquiry as to whether the nolo contendere plea was prompted by any consideration of fear, any persuasion or by delusive hope of pardon or anything equivalent thereto. Further, there was no inquiry as to "force," "coercion" or "promise," etc. The record clearly shows the court's inquiry was not sufficient to show the plea was freely and voluntarily entered. For failure to comply with the statute I would reverse and remand this conviction. It never ceases to amaze me that this court will require peace officers, not legally trained, to give the warnings required by *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and Article 38.22, Vernon's Ann. C.C.P., before confessions can be used and even encourage the use of "blue" and "green" cards containing such warnings, but will not require legally trained judges to properly admonish defendants as to their guilty pleas, even passing the burden on to the unwary defendant to timely call to the legally trained judge's attention where he has fallen short in his obligations required by law. We have really reached a sad state of affairs.

### Part II

". . . a guilty plea is a grave and solemn act to be accepted only with care and discernment . . .." *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

Since there was a failure to determine whether the nolo contendere plea was free-

punishment and the majority will hold the same a compliance with Article 26.13, Vernon's Ann.C.C.P. See *Tellez v. State*, 522

ly and voluntarily given in the instant case, I further conclude that the appellant was deprived of the due course of the law. See Article I, Sec. 19, Texas Constitution.

### Part III

In light of the majority's interpretation of Article 26.13, supra, there further exists a federal constitutional problem. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), held that it was error, plain error, for a state trial judge to accept a plea of guilty without an affirmative showing that it was intelligent and voluntary. The basic mandate of the Constitution of the United States as interpreted by the Supreme Court of the United States is that a trial court must determine that a plea of guilty is "knowingly, intelligently, voluntarily and willingly entered." See *Goode v. State*, 312 N.E.2d 109 (Court of Appeals, Indiana, 3rd Dist. 1974); *Branan v. State*, 316 N.E.2d 406 (Court of Appeals, Indiana, 3rd Dist. 1974).

The legal effect of a nolo contendere plea is the same as a guilty plea insofar as criminal prosecution is concerned in Texas. See Article 27.02, Vernon's Ann.C.C.P.; *Sowell v. State*, 503 S.W.2d 793 (Tex.Cr.App. 1974); *Lucero v. State*, 502 S.W.2d 750 (Tex.Cr.App.1973).

Since this record does not reflect an affirmative showing that the nolo contendere plea was intelligently and voluntarily given, I conclude that *Boykin v. Alabama*, supra, would also call for reversal.

For the reasons stated, I dissent.

ROBERTS, J., joins in Part III of this dissent.

S.W.2d 500 (Tex.Cr.App.1975), overruling *Alvarez v. State*, 511 S.W.2d 521 (Tex.Cr. App.1974).