Denoris RICHARDS, Appellant,

v.

The STATE of Texas, Appellee.

No. 54344.

Court of Criminal Appeals of Texas.

Nov. 23, 1977.

Opinion On State's Motion for
Rehearing March 1, 1978.

Rehearing Denied March 22, 1978.

Brad D. Reid, Abilene, for appellant.

Lynn Ingalsbe, Dist. Atty. and Jorge A. Solis, Asst. Dist. Atty., Abilene, Jim D. Vollers, State's Atty., Austin, for the State.

Before ONION, P. J., and DOUGLAS and ODOM, JJ.

OPINION

ONION, Presiding Judge.

This appeal is taken from a conviction for burglary of a building. See V.T.C.A., Penal Code, § 30.02. Following a plea of guilty, punishment was assessed at fifteen (15) years by the jury.

At the outset we are confronted with appellant's contention that in admonishing the appellant as to his guilty plea the court failed to inquire whether or not he was influenced by any consideration of fear, or by any persuasion or delusive hope of pardon prompting him to confess his guilt. The real thrust of his contention is that the court did not determine whether the plea was freely and voluntarily made.

While the inquiries mentioned by the appellant were included in a former version of Article 26.13, Vernon's Ann.C.C.P., such statute has been amended.

The amendment in effect at the time of the guilty plea reads as follows:

"(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

"(1) the range of punishment attached to the offense; and

"(2) the fact that any recommendation of the prosecuting attorney as to punishment is not binding on the court.

"(b) No plea of guilty or plea of nolo contendere shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary.

"(c) In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court." (Acts 1975, 64th Leg., p. 909, ch. 341, § 3, eff. June 19, 1975)

Under the amendment the court does not have to use the exact inquiries found in the former version of the statute but should still determine whether the plea is free and voluntary, and the former inquiries are helpful in this regard.

The record before us reflects that the court admonished the appellant as to the range of punishment and inquired as to his mental competency.[1] The court made no inquiry as to the plea being free and voluntary except to ask if the appellant had been "promised anything." There was no inquiry as to whether, despite the lack of a promise, the appellant was entering his plea because of any duress, fear, undue compulsion, and persuasion or other offers of leniency, improper influence, etc. He was not even asked in a broad and general way if the plea was being freely and voluntarily[2] made.

We cannot agree that there was even a substantial compliance with the statute under the circumstances presented. Reversal is thus mandated.

Further, there exists a federal constitutional problem. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), held that it was error, plain error, for a state trial judge to accept a guilty plea without an affirmative showing that it was intelligent and voluntary. The basic mandate of the Constitution of the United States as interpreted by the Supreme Court of the United States is that a trial court must determine that a plea of guilty is "knowingly, intelligently, voluntarily and willingly entered." See *Pinson v. State*, 530 S.W.2d 946, 951 (Tex.Cr.App.1975) (dissenting opinion). See also *Goode v. State*, 312 N.E.2d 109 (Court of Appeals, Indiana, 3rd Dist. 1974); *Branan v. State*, 316 N.E.2d 406 (Court of Appeals, Indiana, 3rd Dist. 1974).

Since the record does not reflect an affirmative showing that the guilty plea was intelligently and voluntarily given, we conclude that *Boykin v. Alabama*, supra, also calls for reversal.

The judgment is reversed and cause remanded.

DOUGLAS· and ODOM, JJ., dissent.

## OPINION ON STATE'S MOTION FOR REHEARING

TOM G. DAVIS, Judge.

On original submission, reversal resulted (1) for failure of the trial judge to substantially comply with the requirements of Art. 26.13, V.A.C.C.P. and (2) the failure of the record to "reflect an affirmative showing that the guilty plea was intelligently and voluntarily given" as required by *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). We granted the State's

1. After the court learned that appellant had been treated in "mental hospitals" for use of heroin, it spent some time inquiring into appellant's mental competency, and for this reason may have overlooked other inquiries.

2. There was no admonishment that any recommendation as to punishment by the prosecuting attorney is not binding on the court. This was perhaps due to the fact that a jury had been impaneled. It would be good practice to admonish the defendant that any recommendation by the prosecutor to the jury as to punishment is not binding on the jury and they can assess any punishment within the range of penalties set for the particular offense.

motion for leave to file a motion for rehearing and now conclude that substantial compliance with Art. 26.13, supra, is shown, and that appellant was not deprived of any federal constitutional right under *Boykin v. Alabama*, supra.

The record reflects appellant was admonished in pertinent part as follows:

"You understand that you have a right to be tried by a Jury and be proven guilty beyond a reasonable doubt, do you understand that?

"THE DEFENDANT: Yes.

"THE COURT: By your plea now, you have made an admission of guilt, and if you insist on pleading guilty the Court is going to instruct the Jury to find you guilty and assess a punishment accordingly, do you understand that?

"THE DEFENDANT: Yes, sir.

"THE COURT: All right.

"You understand that the law is that you do not have to testify against yourself, but if you do take the stand that's a decision between you and your attorney?

"THE DEFENDANT: Yes, sir.

"THE COURT: Have you been promised anything to cause you to make this plea?

"THE DEFENDANT: No, sir.

"THE COURT: All right.

"Then, do you understand the punishment, during the voir dire examination awhile ago the attorneys talked about the range of punishment being two years to twenty years in the State Penitentiary, together with a $10,000.00 fine, either one or both of them, do you understand that?

"THE DEFENDANT: Yes, sir."

Article 26.13, supra, in effect at the time of appellant's plea, reads as follows:

"(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

(1) the range of punishment attached to the offense; and

(2) the fact that the recommendation of the prosecuting attorney as

to punishment is not binding on the court. . . .

"(b) No plea of guilty or plea of nolo contendere shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary.

"(c) In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court. (Acts 1975, 64th Leg., p. 909, ch. 341, § 3, eff. June 19, 1975.)" [1]

Appellant does not suggest that he was misled in any way or that he was not fully aware of the consequences of the plea or that he was harmed in any manner by the admonishment given by the court. An examination of the record reflects that no such objection was voiced in the trial court. There is no suggestion on appeal that the plea was not knowingly and voluntarily made. Rather, counsel argues that the inquiry "Have you been promised anything to cause you to make this plea?" failed to track the language formerly found in Art. 26.13, V.A.C.C.P.

We cannot agree that there must be an express inquiry as to whether a defendant is freely and voluntarily entering a plea of guilty to constitute substantial compliance with Art. 26.13, supra. There being no showing that appellant was misled or harmed by the admonishment, and finding that the trial court was in substantial compliance with the requirements of Art. 26.13, supra, we conclude that no error is shown. See *Pinson v. State*, Tex.Cr.App., 530 S.W.2d 946; *Guster v. State*, Tex.Cr.App., 522 S.W.2d 494; *Tellez v. State*, Tex.Cr. App., 522 S.W.2d 500.

Further, we find no constitutional problem as in *Boykin v. Alabama*, supra, where

1. As noted in the original opinion, the record reflects that the court admonished the appellant as to his mental competency. Plea of guilty was before a jury and therefore obviates the necessity of admonishing appellant that the prosecuting attorney's recommendation was not binding on the court.

it was held that a state trial judge should not accept a plea of guilty without an affirmative showing that a plea of guilty was intelligently and voluntarily given.

In *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), the Supreme Court set forth the standard used to determine if a guilty plea were voluntarily and knowingly made as follows:

"The standard as to the voluntariness of guilty pleas must be essentially that defined by Judge Tuttle of the Court of Appeals for the Fifth Circuit:

'[A] plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business . . . .' " (Footnotes omitted.)

In *Williams v. State*, Tex.Cr.App., 522 S.W.2d 483, we noted with respect to the requirements of *Boykin v. Alabama*, supra, that:

"The Supreme Court's requirement for the determination of voluntariness is the consideration of the entire record. The review of the voluntariness of the guilty plea should not be based solely on questions and answers in the statement of facts, but on the record as a whole."

We find that the record here meets the requirements of *Boykin v. Alabama*, supra.

■ Lastly, appellant contends that the court erred in receiving a fatally defective jury verdict which assessed no punishment.

The verdict form, as it was submitted to the jury, reads in pertinent part:

"We the jury . . . do hereby assess his punishment at _____ years in the Texas Department of Corrections and in addition to such imprisonment assess a fine of $_____.

_____

Foreman of the Jury"

The jury wrote the number "15" in the blank space before years and the verdict was signed by the foreman. Appellant appears to argue that the jury should have written the word "years" after "15." The intention of the jury can be easily ascertained and we reject appellant's contention that the verdict was defective. See *Ainsworth v. State*, Tex.Cr.App., 517 S.W.2d 274.

The State's motion for rehearing is granted. The judgment is affirmed.

Before the court en banc.

VOLLER, J., not participating.

ONION, Presiding Judge, dissenting.

". . . It never ceases to amaze me that this court will require peace officers, not legally trained, to give the warnings required by *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and Article 38.22, Vernon's Ann.C.C.P., before confessions can be used and even encourage the use of 'blue' and 'green' cards containing such warnings, but will not require legally trained judges to properly admonish defendants as to their guilty pleas, even passing the burden on to the unwary defendant to timely call to the legally trained judge's attention where he has fallen short in his obligations required by law. We have really reached a sad state of affairs." *Pinson v. State*, 530 S.W.2d 946, 951 (Tex.Cr.App. 1975) (dissenting opinion).

On original submission this cause was reversed because the trial court failed to substantially comply with Article 26.13, V.A.C. C.P., as amended 1975, in effect at the time, in that it did not determine whether the plea was freely and voluntarily made, and further, that the record did not reflect an affirmative showing that the guilty plea was intelligently and voluntarily given. See *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). There were no dissents.

The opinion on original submission stated in part:

"... The court made no inquiry as to the plea being free and voluntary except to ask if the appellant had been 'promised anything.' There was no inquiry as to whether, despite the lack of a promise, the appellant was entering his plea because of any duress, fear, undue compulsion, and persuasion or other offers of leniency, improper influence, etc. He was not even asked in a broad and general way if the plea was being freely and voluntarily made."

Now on rehearing a majority affirms the judgment based on the same facts, finding a substantial compliance with Article 26.13, supra, and with *Boykin v. Alabama*, supra.[1]

The history of Article 26.13, supra, and its forerunners has been elsewhere detailed and need not be repeated here. See *Bosworth v. State*, 510 S.W.2d 334, 336 (Tex.Cr. App.1974) (dissenting opinion). The emasculation of the mandatory statute began with *Espinosa v. State*, 493 S.W.2d 172 (Tex.Cr.App.1973), and *Mitchell v. State*, 493 S.W.2d 174 (Tex.Cr.App.1973), and continued unabated. See, e. g., *Bosworth v. State*, supra; *Guster v. State*, 522 S.W.2d 494 (Tex.Cr.App.1975); *Walker v. State*, 524 S.W.2d 712 (Tex.Cr.App.1975); *Ex parte Taylor*, 522 S.W.2d 479 (Tex.Cr.App.1975); *Pinson v. State*, 530 S.W.2d 946 (Tex.Cr. App.1975); *Tellez v. State*, 522 S.W.2d 500 (Tex.Cr.App.1975).

As a result of some of these decisions, efforts have been made to amend the mandatory statute in an attempt to validate the past emasculation of a wholesome statute. The Article was amended in 1973 (Acts

1973, 63rd Leg., p. 968, ch. 399, § 2(A), eff. Jan. 1, 1974). It was again amended by Acts 1975, 64th Leg., p. 909, ch. 341, § 3, eff. June 19, 1975. It is this amendment which was in effect at the time of the guilty plea in the instant case.[2]

The majority misreads the 1975 amendment. The amendment did not remove from the trial court the obligation of admonishing the defendant, but squarely placed that duty on the court where it has always rested. What it provided was that a substantial compliance by the court was sufficient unless the defendant shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court. What the amendment requires is that there must be a substantial compliance in each case. It is only where there has been a substantial compliance with the statute that the defendant must go further and show he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court. If there has been no substantial compliance, then the statute has not been followed and it is not incumbent upon the unwary or even illiterate defendant in such cases to object, to tell the judge how to do his job, or to demonstrate then or later he was unaware of the consequences of his plea or that he was misled or harmed by the admonishment. This point the majority misses.[3] Must an uneducated defendant represented by a young and inexperienced appointed lawyer or representing himself[4] have the duty to object and call to the legally educated and experienced district judge what he should tell the defendant in his admonishment? If this be the rule, why not abolish the statute

---

1. The majority, in order to strengthen its position, attempts to take appellant's ground of error out of context. A reading of the ground of error and argument clearly shows that he contends that his guilty plea was not freely and voluntarily made. See Article 40.09, § 9, V.A. C.C.P. The majority's statement, "There is no suggestion on appeal that the plea was not knowingly and voluntarily made," is erroneous.

2. Said Article 26.13 has again been amended (Acts 1977, 65th Leg., p. 748, ch. 280, § 1, eff. Aug. 29, 1977).

3. The majority states, "There being no showing that appellant was misled or harmed by the admonishment, and finding that the trial was in substantial compliance with the requirements of Art. 26.13, supra, we conclude no error is shown." This is obviously a case of getting the cart in front of the horse.

4. See *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

altogether. It not only no longer serves its former purpose, but serves no purpose at all.

The majority never tells how it arrived at its conclusion there was substantial compliance with the statute. Was the singular inquiry "Have you been promised anything to cause you to make this plea?" sufficient standing alone to show that the plea was free and voluntary? If it is, will any singular inquiry relating to whether the plea was free and voluntarily made, such as a singular inquiry to threats, be sufficient in the future to show substantial compliance? This the majority never reveals. If the majority relies upon other portions of the colloquy between the court and the appellant for its conclusion, it does not make this clear. If there is this reliance, one may well wonder how a defendant's acknowledgement that he doesn't have to testify against himself, that he has a right to a jury trial, that the burden of proof is on the State beyond a reasonable doubt, that the jury will be instructed to find him guilty if he pleads guilty, has any real bearing upon whether the plea is in fact free and voluntary. A defendant may know all these things but yet be entering his plea because of coercion, duress, fears, threats, improper influence or persuasion, misrepresentation, delusive hope of pardon, etc. The majority may well be saying where certain parts of the statute are followed then there is substantial compliance even if there is no inquiry *at all* concerning whether the plea is free and voluntary. We will have to wait for another day and another opinion for the majority opinion in the instant case does not reveal its reasoning, if any.

The approach used by the majority is reminiscent of the "anything goes" approach used in revocation of probation cases. See, e. g., *Casarez v. State*, 468 S.W.2d 412 (Tex.Cr.App.1971) (dissenting opinion); *Barnes v. State*, 467 S.W.2d 437 (Tex.Cr.App.1971) (dissenting opinion). It is only a revocation of probation, who cares? It is only a plea of guilty, who cares? One wonders just whom the majority seeks to

protect, the defendant from the entry of an improvident guilty plea, or the district judge from reversal on appeal.

It is a sad day when we lower our standards again and again at a time when the vast majority of criminal cases in this State are disposed of by pleas of guilty and nolo contendere. When an individual in a felony case is subject to losing his life or suffer imprisonment, we should take every precaution to insure that the procedure in a guilty plea is fair and impartial and in accordance with due process of the law, the due course of the law of the land.[5]

The majority does not, however, stop with its conclusion that the requirements of the statute have been met, but plunges ahead finding no constitutional problem as in *Boykin v. Alabama*, supra. With boldness it quotes from *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), as to a standard of voluntariness which clearly isn't met by the instant case. Undismayed, the majority then quotes from *Williams v. State*, 522 S.W.2d 483 (Tex.Cr. App.1975), for the proposition that in addition to the "questions and answers in the statement of facts" the record as a whole must be looked at in determining voluntariness. Then the majority, without mentioning any part of the record, "other than questions and answers," simply states: "We find that the record here meets the requirements of *Boykin v. Alabama*, supra."

An unprecedented boot strapping operation is thus revealed. Surely the majority of this court, a court of last resort, need not stoop so low to affirm a conviction. Yet they do.

In *Boykin v. Alabama*, supra, and *Brady v. United States*, supra, the Supreme Court delineated the meaning of a voluntary and knowing guilty plea. In *Boykin* the court held that in order to satisfy the constitutional requirements of due process the record must affirmatively disclose that a defendant who pleaded guilty entered his plea

5. Article I, § 19, Texas Constitution.

understandingly and voluntarily.[6] *Brady* enunciated the guidelines for voluntariness by adopting specific language from Judge Tuttle's opinion in *Shelton v. United States*, 242 F.2d 101 (5th Cir. 1957):

" . . . '[A] plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business . . . .' "

" . . . Thus, the Supreme Court has established that defendants who decide to plead guilty must do so in complete awareness of the consequences of their action which includes both the ramifications of the possible punishment and the waiver of the rights and privileges set forth in *Boykin, and additionally that defendant do so free from coercion, threats, or improper promises. . . .*" (Emphasis supplied.)

*Fisher v. Wainwright*, 435 F.Supp. 253 (D.C. Fla.1977).

In American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty, § 1.5 (determining voluntariness of plea), it reads:

"The court should not accept a plea of guilty or nolo contendere without first determining that the plea is voluntary. By inquiry of the prosecuting attorney and defense counsel, the court should de-termine whether the tendered plea is the result of prior plea discussions and a plea agreement, and, if it is, what agreement has been reached. If the prosecuting attorney has agreed to seek charge or sentence concessions which must be approved by the court, the court must advise the defendant personally that the recommendations of the prosecuting attorney are not binding on the court. *The court should then address the defendant personally and determine whether any other promises or any force or threats were used to obtain the plea.*" (Emphasis supplied.)

In *Ex parte Taylor*, 522 S.W.2d 479 (Tex. Cr.App.1975), it was suggested that the trial court follow the recommendations of the American Bar Association's Standards for Criminal Justice, Pleas of Guilty, Approved Draft 1968.

This court has long held that the trial court is required to exercise great care in preventing the improvident entry of a plea of guilty. *Garcia v. State*, 91 Tex.Cr.R. 9, 237 S.W. 279 (1921); *Stanton v. State*, 159 Tex.Cr.R. 275, 262 S.W.2d 497 (1953).

"That a guilty plea is a grave and solemn act to be accepted only with care and discernment has long been recognized." *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463 at 1468, 25 L.Ed.2d 747 (1970).

" . . . This mode of conviction [guilty plea] is no more foolproof than full trials to the court or to the jury. Accordingly, we take great precautions against unsound results, and we should continue to do so, whether conviction is by plea or by trial." *Brady v. United*

---

**6.** "The requirement that a plea of guilty must be intelligent and voluntary to be valid has long been recognized. See nn. 5 and 6, infra. The new element added in *Boykin* was the requirement that the record must affirmatively disclose that a defendant who pleaded guilty entered his plea understandingly and voluntarily. . . ."
*Brady v. United States*, 397 U.S. 742, 747, footnote 4, 90 S.Ct. 1463, 1468, 25 L.Ed.2d 747, 756 (1970); see also *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). In *Boykin*, the Court stated:

"What is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence. When the judge discharges that function, he leaves a record adequate for any review that may be later sought (citations omitted), and forestalls the spin-off of collateral proceedings that seek to probe murky memories." 89 S.Ct. at 1712–1713.

*States*, supra, 397 U.S. at 758, 90 S.Ct. at 1474.

In pleading guilty, a defendant must be free from coercion, threats or improper promises. *Fisher v. Wainwright*, 435 F.Supp. 253 (D.C.Fla.1977). In *Fambo v. Smith*, 433 F.Supp. 590 (D.C.N.Y.1977), it was held that a guilty plea must be entered by a defendant who understands the situation and who has been neither deceived nor coerced.

The fear of the United States Supreme Court in *Boykin* about the possibility of threats or improper inducements under a record that does not affirmatively show that a defendant who pleaded guilty entered his plea understandingly and voluntarily is applicable here in the instant case.

For the reasons stated in the opinion on original submission, this cause should be reversed.

ROBERTS and PHILLIPS, JJ., join in this dissent.

En banc.