Trout v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-030-CR

Â Â Â Â Â BERRY TROUT,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 220th District Court
Bosque County, Texas
Trial Court # 11,387
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

CONCURRING OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â I concur with the opinion affirming the conviction and reversing and remanding for re-sentencing, but I do have concerns about this case which I wish to address. 
Â Â Â Â Â Â First, Trout was driving a car when he was apprehended by the police. The police officer saw
part of a marihuana cigarette in plain view in the car. Trout was placed under arrest and carried
to the Bosque County jail, where, during a strip search, two more marihuana cigarettes were found
on his person. Trout was then indicted for taking and attempting to take a controlled substance,
a usable amount of marihuana, into the Bosque County Jail, which effectively elevated this case
from a misdemeanor to a felony with a range of punishment from two to fifteen years in prison. 
Tex. Loc. Gov't Code Â§ 361.082 (Vernon Supp. 1995) (repealed by Acts 1991, 72nd Leg., 2nd
C.S., ch. 10, Â§ 5.03, effective Oct. 1, 1991). I agree with Trout's appointed counsel, Mr. Harris,
when he argued that section 361.082 was meant to punish those who would try to sneak or
illegally introduce drugs or controlled substances into county jails and was not intended to be
applied in a situation such as this where the facts indicate Trout had only a small amount of
marihuana when stopped by the police officer while driving. Trout was placed under arrest at his
car and transported to the jail. He was not at the jail trying to illegally introduce contraband into
the jail when he was arrested. In my opinion, the use of section 361.082 was inappropriate in this
case and was not the type of conduct which the legislature intended to proscribe by this statute.
Â Â Â Â Â Â Secondly, the indictment in this case does not allege a culpable mental state, as required by
section 6.02 of the Texas Penal Code. Tex. Penal Code Ann. Â§ 6.02 (Vernon 1974). However,
failure to timely object to an essential mental state constitutes waiver, and such a previously
fundamental error will not result in an automatic reversal. Murk v. State, 815 S.W.2d 556
(Tex.Crim.App. 1991). In my opinion, however, omission of a culpable mental state from the
indictment makes the indictment subject to constitutional attack. See Brady v. United States, 397
U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The court's admonishment to Trout concerning
the charge against him would have been stronger if "knowingly and intentionally take or attempt
to take" had been in the indictment. Former Presiding Judge John F. Onion, Jr., in a dissenting
opinion in Richards v. State, 562 S.W.2d 456, 461 (Tex. Crim. App. 1977), commented
concerning the court's responsibility in admonishing a defendant on a guilty plea. If a culpable
mental state had been in the indictment and the court had tracked the language of the indictment,
there could not have been a question whether the plea in this case was freely and voluntarily given. 
Here, the court's admonition could not include a culpable mental state because same was not in
the indictment and it did not include "take or attempt to take" as was alleged in the indictment. 
The admonition given was, "You are charged with possession of marihuana in the county jail." 
As given, the admonition does not state a crime because it omits "take or attempt to take," which
is the language that elevates the charge from a misdemeanor to a felony. Neither was it a correct
admonition for a possession crime because it failed to allege the amount of marihuana the
defendant was alleged to have possessed. 
Â Â Â Â Â Â As noted above, I believe it was inappropriate to charge Trout under section 361.082 because
he did not "intentionally or knowingly" take the marihuana into the county jail. He was arrested
at his car and he and the marihuana were taken into the county jail by the police officer, which,
in my opinion, is a far cry from what the legislature intended by this statute. Moreover, as noted,
the indictment did not allege a culpable mental state, and the court's admonition did not advise
Trout of the crime for which he stood charged. Admittedly, there were no objections to these
omissions, thus making them harmless errors. However, taken together, I believe that Trout did
not receive a fair trial, and I would prefer to reverse and dismiss this case. Since Trout admitted
to possession of a small amount of usable marihuana, and, hopefully, the evidence has not been
destroyed so that an accurate determination may be made as to the actual amount of marihuana he
possessed, I will concur that the case be remanded for a punishment hearing in accordance with
the punishment guidelines stated in the majority opinion. 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â BOBBY L. CUMMINGS
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Opinion delivered and filed November 15, 1995
Do not publish



ops:23.4pt'>1.   Factual Sufficiency of the Evidence.Â  In AppellantÂs first issue, she contends that
the evidence was factually insufficient.Â 
Appellant points out that neither the forged check nor a carbon copy
were introduced, that there was no handwriting expert testimony, and that she
did not forge any other checks made to her by the victim.Â  The victim testified as to the amount of the
check as made, and the altered amount on the check as passed.Â  Appellant admitted to passing the check.Â  Even though the altered amount of the check
would have paid the victimÂs debt for legal fees to Appellant in full,
Appellant accepted and cashed another check from the victim for legal fees the
next month.Â  Viewing the evidence in a
neutral light, and giving due deference to the trial courtÂs credibility
determinations, the court was rationally justified in finding beyond a
reasonable doubt that Appellant committed forgery.Â  See
Zuniga v. State, No. 539-02, 2004 Tex. Crim. App. LEXIS 668, at *20 (Tex. Crim. App. Apr. 21, 2004); Johnson
v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).Â  We overrule AppellantÂs first issue.

2.Â Â Â  Legal Sufficiency of the Evidence.Â  In AppellantÂs second issue, she contends
that the evidence was legally insufficient.Â 
Viewing the evidence in the light most favorable to the prosecution, a
rational factfinder could have found beyond a reasonable doubt that Appellant
committed forgery.Â  See Jackson v.
Virginia, 443 U.S. 307, 319 (1979); Herrin v. State, 125 S.W.3d 436, 439 (Tex. Crim. App. 2002).Â  We overrule AppellantÂs second issue.

3.Â Â Â  Specific Intent.Â  In her third issue, Appellant contends that
she could not have had the specific intent to defraud the victim, since the
victim owed her child support arrearages.Â 
Appellant need not have had the specific intent to defraud the maker of
the check, but only that passing the check was, in its nature, calculated to
injure or defraud, for example, the financial institution to which she passed
the check.Â  See Tex. Code Crim. Proc.
Ann. art. 38.19 (Vernon 1979).Â  We overrule
AppellantÂs third issue.




Â Â Â Â Â  Having
overruled AppellantÂs issues, we affirm the judgment.

TOM
GRAY

Chief Justice

Before
Chief Justice Gray,

Â Â Â Â Â  Justice Vance, and

Â Â Â Â Â  Justice Reyna

Opinion
delivered and filed September 15, 2004

Affirmed

Do
not publish

[CR25]