**AFFIRMED; Opinion Filed July 22, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00421-CR

**GEVAN KEITH LORING, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F17-55487-N**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Myers, and Justice Carlyle
Opinion by Justice Myers

Appellant Gevan Keith Loring was indicted for possession of a controlled substance (cocaine) in an amount of less than one gram. The indictment included two enhancement paragraphs alleging appellant had prior state jail felony convictions for possession of a controlled substance. Appellant pleaded not guilty and the jury convicted him of the charged offense. In exchange for his plea of true to the two enhancements, appellant received a sentence of five years' confinement in the Institutional Division of the Texas Department of Criminal Justice (TDCJ), probated. Appellant filed a motion for new trial that was overruled by operation of law. In three issues, he contends the trial court refused to allow him to be represented by the attorney of his choice; his plea was not entered knowingly and voluntarily; and that the trial court failed to afford appellant his common law right to allocution. We affirm.

DISCUSSION

## 1. Right to be Represented by an Attorney of Appellant's Choice

In his first issue, appellant argues the trial court committed reversible error by denying his constitutional right to be represented by the attorney of appellant's choice. Appellant claims the trial court erred in denying his motion to dismiss counsel because it should have conducted a "substantive inquiry" into appellant's dissatisfaction with his trial counsel and that it ignored appellant's motion for the remainder of the trial.

Following his arrest, appellant certified on June 9, 2017 that he was indigent and requested the trial court to appoint counsel to represent him. That same day, the court appointed counsel to represent appellant. On December 13, 2017, appellant filed a pro se "Motion to Dismiss Counsel," which appears to be a standard form motion containing blank lines adjacent to six complaints a defendant may make regarding his appointed counsel. Appellant placed marks on the lines next to four of the complaints:

__X__ (1) Failure of counsel to file motions as requested by client;

_____ (2) Failure of counsel to have pro-se motions heard;

__X__ (3) Counsel Shows no interest in the case at hand and only seeks plea agreement;

__X__ (4) Failure of counsel to request criminal investigator for defendant;

_____ (5) Failure of counsel to meet with defendant and/or acquaint himself with the facts of the Case-at-bar:

__X__ (6) Total breakdown of communications between attorney and client.

The trial court held a pretrial hearing on January 24, 2018, at which defense counsel and appellant were present. The trial court denied appellant's motion to dismiss, stating, "At this point, I'm going to deny Defendant's Motion to Dismiss counsel, based on the motion." Appellant did not object to the court's ruling. Defense counsel continued to represent appellant during the remainder of the proceedings.

"A criminal defendant is not entitled to appointed counsel of choice." *Dunn v. State*, 819 S.W.2d 510, 520 (Tex. Crim. App. 1991). Once the court has appointed an attorney to represent an indigent defendant, the defendant has been afforded the protections regarding counsel provided under the U.S. Constitution and article 26.04 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04; *Malcom v. State*, 628 S.W.2d 790, 791 (Tex. Crim. App. [Panel Op.] 1982). A defendant is required to accept appointed counsel unless he sufficiently demonstrates an adequate reason as to why substituted counsel is necessary. *See Carroll v. State*, 176 S.W.3d 249, 256 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd). A trial court has no duty to search for counsel who is agreeable to the defendant. *King v. State*, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000). If a defendant is dissatisfied with his appointed counsel, he bears the burden to make the court aware of his dissatisfaction, to state his grounds for the dissatisfaction, and to substantiate his claim. *Hill v. State*, 686 S.W.2d 184, 187 (Tex. Crim. App. 1985). Generally, conclusory allegations of conflicts of interest, disagreements on trial strategy, and personality conflicts are insufficient to satisfy the defendant's burden. *King*, 29 S.W.3d at 566; *Carroll*, 176 S.W.3d at 256; *see also* TEX. CODE CRIM. PROC. ANN. art. 26.04(j)(2) (authorizing removal of appointed counsel after a finding of "good cause"). We review the trial court's ruling for abuse of discretion. *Carroll*, 176 S.W.3d at 256.

In this case, although appellant filed his motion to substitute counsel in advance of trial, he did not request a hearing on the motion. At the pretrial hearing, when the trial court ruled on the motion, appellant did not object to the trial court's ruling and appellant did not ask for an opportunity to present evidence to substantiate his complaints. A trial court is not required to hold a hearing sua sponte on a motion to dismiss counsel. *See Hill*, 686 S.W.2d at 186; *Malcom*, 628 S.W.2d at 792; *Carroll*, 176 S.W.3d at 255-56. The defendant bears the burden of requesting a hearing and if the record does not show he did so, no error is preserved for our review. *Hill*, 686

S.W.2d at 186; *Newton v. State*, No. 05-08-00153-CR, 2009 WL 2196118, at \*2 (Tex. App.—Dallas July 24, 2009, pet. ref'd) (not designated for publication). Appellant having failed to request a hearing on his motion to substitute counsel or ask for an opportunity to present evidence, nothing is preserved for our review. We overrule appellant's first issue.

### 2. A Knowing and Voluntary Plea

In his second issue, appellant contends the trial court committed reversible error by accepting appellant's punishment pleas once he had made it clear his pleas had not been entered knowingly and voluntarily. Appellant claims his pleas were involuntary and unknowing because he entered into them believing he would be permitted to attend a treatment program of his choosing administered by the Veteran's Administration and located in Bonham, Texas, rather than being sent to a Substance Abuse Felony Punishment Facility (SAFPF).

After the jury found appellant guilty of the charged offense, he elected to have the trial court assess punishment. The trial court informed appellant:

> On the record. All right. Cause Number F17-55487 styled The State of Texas versus Loring, Gevan Keith—or Gevan Keith Loring.
>
> Let the record reflect the jury came back and returned a verdict of guilty. The defendant has elected to go to the Court for punishment.
>
> Mr. Loring, what's going to happen now—so you understand what the process is, now that the jury has come back with a guilty verdict, now it's up to the Court to assess punishment in this case.
>
> And what I want to do is make sure I have all the information in front of me before I make my decision.
>
> Do you understand that?

Appellant replied, "Yes, sir," and the court informed appellant he was going to order the probation department to interview appellant and prepare a presentence report. The trial court explained that the probation department would make a recommendation to the court, but punishment was "still going to be whatever I decide to do." The court also informed appellant that the presentence report

–4–

was for the court's use during its consideration in assessing punishment, and that appellant could choose to testify and put on witnesses at the punishment hearing. Appellant agreed that he understood that.

At the March 19, 2018 sentencing hearing, the State told the trial court that it had offered appellant a sentence of five years' confinement, probated for five years, in exchange for his plea of true to the two enhancement paragraphs in the indictment. Appellant agreed that he understood that was the State's offer; that he was pleading true to the enhancement paragraphs; and that he was entering his pleas of true freely and voluntarily. At the State's request, and with no objection from appellant, the trial court took judicial notice of appellant's Assessment Treatment and Research Services (ATRS) evaluation conducted by the probation department.

Shortly before appellant's testimony, the following exchange occurred between appellant and his trial counsel:

> [DEFENSE COUNSEL]: Mr. Loring, I informed you this morning that the evaluation that the ATRS Division of the Probation Department had recommended that you go to SAFPF, correct? I told you that?
>
> [APPELLANT]: No. You said that—that they would give me a probation of my choice, meaning five years, and I could go to a rehab of my choice.
>
> [DEFENSE COUNSEL]: I told you that you'd be able to ask the Judge to go to the rehab of your choice, but I told you that probation was recommending that you get SAFPF, right?
>
> [APPELLANT]: No, you didn't. You didn't say anything about SAFPF. And she keeps doing this over and over again, undermining me.
>
> THE COURT: All right. Mr. Loring, you understand that I, the Court, set the conditions of probation? Do you understand that?
>
> [APPELLANT]: Yes, sir.
>
> THE COURT: And what your attorney is explaining to you is that, you know, just because the probation recommends treatment, whatever type of treatment, doesn't mean that I will just go along with it. I'll hear what you have to say and make a consideration, but it's going to be up to me to do what I think is best.

Asked what type of treatment he would like the court to order, appellant replied that he wanted to

be sent to in-patient rehabilitation at "Bonham," a military rehabilitation center, and not to SAFPF, because he did not want to spend any more time in jail.

In accordance with the plea agreement between appellant and the State, the trial court sentenced appellant to five years' confinement in the TDCJ, probated. But contrary to appellant's request, the court ordered appellant to go to SAFPF as one of the conditions of probation. Condition (t) of appellant's conditions of community supervision provided in part that appellant would "participate for an indeterminate term of confinement and treatment of not less than 90 days or more than twelve months in the Substance Abuse Felony Punishment Facility Operated [sic] by the Institutional Division of the Texas Department of Criminal Justice." The record includes the following exchange between appellant and the trial court:

> THE COURT: One of those conditions is that you go to SAFPF. Just so you know, they will send me progress reports about how you're doing. It's a really good program. I've visited there myself. I know people who have gone through it, and it's—it's a time for you to just focus on yourself, focus on your needs.
>
> You're not a—you're not a bad person, but it's your substance abuse that's making you do some of these things. Hopefully, we will get you—
>
> THE DEFENDANT: I understand that you don't focus on yourself. You focus on others, like, telling on somebody that didn't make up their bed and stuff, and that causes a lot of problems.
>
> THE COURT: A lot of people—a lot of people say different things in jail that are not true. Focus on—on—on the program—
>
> THE DEFENDANT: Then I have to stay another six months in jail.
>
> THE COURT: It's not—it's not that long. There's somewhat of a waiting period, but it's not another six months.
>
> THE DEFENDANT: Six months, I know, at the most because most people that I've seen go through that program have to stay six months.
>
> I was trying to—where I can get in a program and work at the VA and give me the opportunity to see my daughter graduate.
>
> THE COURT: I understand, Mr. Loring, but that is the Court's sentence at this time. You will be on probation. Once you get out, you're going to be on—you're going to still be on probation—

THE DEFENDANT: See, that wasn't—that wasn't told to me about Bonham. I don't think I would have came up with the decision of this offer because, you know, I'm already a year and six months in here, and then six months in Bonham, that's like a two-year sentence.

THE COURT: All right, Mr. Loring. So at this time, that is the Court's sentence. You know, you're going to be on probation, and one of those conditions is that you complete the SAFPF program, okay? So at this time, is there anything else from either side?

[DEFENSE COUNSEL]: Nothing, Your Honor.

[STATE]: Nothing, Your Honor.

The voluntariness of a plea is determined from the totality of the circumstances viewed in light of the entire record. *Ducker v. State*, 45 S.W.3d 791, 796 (Tex. App.—Dallas 2001, no pet.). A trial court's substantial compliance in admonishing a defendant under article 26.13 is sufficient in the absence of a showing the defendant was not aware of the consequences of his plea and that he was misled or harmed by the court's admonishment. *Richards v. State*, 562 S.W.2d 456, 458 (Tex. Crim. App. 1977) (opinion on reh'g). When the record reflects that a defendant was properly admonished, a prima facie showing exists that the guilty plea was entered knowingly and voluntarily. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998). The burden then shifts to the defendant to establish that, notwithstanding the statutory admonishments, he did not fully understand the consequences of his plea such that he suffered harm. *Id*. "An accused who attests that he understands the nature of his guilty plea and that it is voluntary has a heavy burden on appeal to show that his plea was involuntary." *Starz v. State*, 309 S.W.3d 110, 117 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd). A plea is not rendered involuntary simply because a defendant received a greater punishment than he anticipated. *Tovar–Torres v. State*, 860 S.W.2d 176, 178 (Tex. App.—Dallas 1993, no pet.) (per curiam).

There has been no showing in this record that defense counsel or the trial court made any misstatements or omissions that would have caused appellant to believe his pleas of true would entitle him to his preferred conditions of probation. In fact, as we have already seen, the trial court

admonished appellant at the conclusion of the guilt-innocence phase of the trial that it had the authority to order conditions of probation and it did not have to accept appellant's preference for rehabilitation or the probation department's recommendations. Appellant indicated he understood this admonishment. And later, at the punishment hearing, after appellant acknowledged he was entering his pleas freely and voluntarily, the trial court admonished appellant that the court would set the conditions of probation. Appellant again indicated he understood this admonishment. The court further informed appellant that although it would consider recommendations and appellant's testimony, it would not just "go along with" what the probation department recommended and that "it's going to be up to me to do what I think is best."

There is prima facie evidence in this record that appellant's plea was voluntary. *See Martinez*, 981 S.W.2d at 197. Appellant was made fully aware of the consequences of his pleas and he did not seek to withdraw those pleas. Furthermore, the record reflects that appellant was aware of the fact that his preferred probation condition, the Bonham treatment facility, was not a guarantee and that the court would ultimately set the conditions of probation. There is no indication in this record that appellant and the State had any agreement regarding the conditions of appellant's probation. The fact that the trial court imposed SAFPF as a condition of probation rather than appellant's preferred probation condition does not render his pleas unknowing or involuntary. *See Tovar-Torres*, 860 S.W.2d at 178. We conclude appellant has failed to show that he entered his pleas involuntarily and unknowingly, and we overrule appellant's second issue.

### 3. Common Law Right to Allocution

In his third issue, appellant argues the trial court erred by failing to afford him his common law right to allocution, such that he should receive a new punishment hearing at which his common law right to allocution is not violated.

At the start of the March 19, 2018 sentencing hearing, the trial court was informed that

appellant and the State had reached an agreement that appellant would receive a sentence of five years' confinement in return for his plea of true to the indictment's two enhancement paragraphs. Appellant entered his pleas of true and, after hearing his testimony, the trial court asked, "Is there any legal reason why sentence should not be imposed at this time?" Appellant's trial counsel replied, "No, Your Honor." The trial court then sentenced appellant to the agreed punishment, and the proceedings concluded. Appellant did not lodge any objection. Appellant first complained about a possible violation of his alleged common-law right to allocution in his motion for new trial, filed on April 5, 2018.

Allocution refers to a trial court's inquiry as to whether a criminal defendant wishes to "'speak in mitigation of the sentence to be imposed.'" *Eisen v. State*, 40 S.W.3d 628, 631-32 (Tex. App.—Waco 2001, pet. ref'd) (quoting A DICTIONARY OF MODERN LEGAL USAGE 45 (Bryan A. Garner ed., 2nd ed., Oxford 1995)); *see also Nelson v. State*, No. 05-18-00938-CR, 2019 WL 2121051, at *5 (Tex. App.—Dallas May 15, 2019, no pet.) (mem. op., not designated for publication). Article 42.07 of the code of criminal procedure, which implements a statutory right to allocution, requires the defendant to be asked, before sentence is pronounced, "whether he has anything to say why the sentence should not be pronounced against him." TEX. CODE CRIM. PROC. ANN. art. 42.07.

In this case, appellant complains he was denied his common law right to allocution, but any common law right of allocution must be preserved by making a timely and specific objection in the trial court and obtaining a ruling. *McClintick v. State*, 508 S.W.2d 616, 618 (Tex. Crim. App. 1974) (op on reh'g); *Nelson*, 2019 WL 2121051, at *5; *see also* TEX. R. APP. P. 33.1(a)(1). Appellant did not object during the sentencing hearing that he had been denied any right to allocution, common law or otherwise. *See Landers v. State*, 402 S.W.3d 252, 254 (Tex. Crim. App. 2013) ("An appellant fails to preserve error by failing to object when he had the

opportunity.") (quoting *Rickels v. State*, 108 S.W.3d 900, 902 (Tex. Crim. App. 2003)). Although appellant raised the complaint in his motion for new trial, "an appellant may raise a sentencing issue in a motion for new trial for the first time only if the appellant did not a have the opportunity to object in the punishment hearing." *Burt v. State*, 396 S.W.3d 574, 577 n. 4 (Tex. Crim. App. 2013) (quoting *Hardeman v. State*, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999)); *see also McClintick*, 508 S.W.2d at 618; *Nelson*, 2019 WL 2121051, at *5. Appellant had the opportunity to object prior to sentencing that the trial court had denied him a right to allocution, but appellant did not do so. Accordingly, he failed to preserve the issue for our review. We overrule appellant's third issue.

We affirm the trial court's judgment.

/Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
Tex. R. App. 47.2(b)
180421F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

GEVAN KEITH LORING, Appellant

No. 05-18-00421-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F17-55487-N.
Opinion delivered by Justice Myers.  Chief Justice Burns and Justice Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 22nd day of July, 2019.