

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00206-CR

_____

EX PARTE DAVID ADAME

On Appeal from the 76th District Court
Titus County, Texas
Trial Court No. 19,078

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

# MEMORANDUM OPINION

This appeal follows the trial court's denial of David Adame's application for habeas corpus relief. In November 2017, Adame pled guilty to the state jail felony of possession of less than one gram of a controlled substance (cocaine).[1] Pursuant to a plea agreement, the trial court deferred a finding of guilt and placed Adame on community supervision. In August 2019, Adame petitioned the trial court for habeas relief. Adame claimed that his trial counsel did not sufficiently advise him of the immigration perils attendant to his plea and, therefore, that he did not voluntarily enter his plea of guilty. The trial court rejected Adame's argument and found that he made his plea voluntarily. We affirm the trial court's ruling.

## I.      Standard of Review

Our review of a trial court's ruling on an application for habeas corpus relief is highly deferential. "[A]s a general rule, the appellate courts . . . should afford almost total deference to a trial court's determination of the historical facts that the record supports[,] especially when the trial court's fact[-]findings are based on an evaluation of credibility and demeanor." *Ex parte Garcia*, 353 S.W.3d 785, 787 (Tex. Crim. App. 2011) (orig. proceeding) (quoting *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)). "When the trial court's findings of fact in a habeas corpus proceeding are supported by the record, they should be accepted by this Court." *Ex parte Amezquita*, 223 S.W.3d 363, 367 (Tex. Crim. App. 2006) (orig. proceeding).[2] "In an article

---

[1]*See* TEX. HEALTH & SAFETY CODE ANN. § 481.115.

[2]We review de novo a trial court's ruling on questions of law. *See Ex parte Mayhugh*, 512 S.W.3d 285, 296 (Tex. Crim. App. 2016)

2

11.072[3] habeas case, . . . the trial judge is the sole finder of fact." *Garcia*, 353 S.W.3d at 788. "An appellate court reviewing a trial court's ruling on a habeas claim must review the record evidence in the light most favorable to the trial court's ruling and must uphold that ruling absent an abuse of discretion." *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006) (orig. proceeding).

In *Padilla v. Kentucky*, the United States Supreme Court found ineffective assistance of counsel where the trial attorney failed to tell Padilla that deportation was virtually mandatory when Padilla pled guilty to "the transportation of a large amount of marijuana in his tractor-trailer." *Padilla v. Kentucky*, 559 U.S. 356, 359 (2010). Although *Padilla* was decided on grounds of ineffective assistance of counsel, its holding that trial counsel must "give correct advice" when "the deportation consequence is truly clear" has been applied in considering whether an accused's plea of guilty was entered voluntarily. *Id*. at 369; *see Ex parte Zantos-Cuebas*, 429 S.W.3d 83, 87, 89–91 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding); *Ex parte Leal*, 427 S.W.3d 455 (Tex. App.—San Antonio 2014, orig. proceeding).

## II.     The Trial Court's Findings of Fact and Conclusions of Law

Following the hearing, the trial court entered the following findings of fact:

2.     Adame hired Bird Old, III[,] as counsel in this case and Old represented Adame in the proceeding.

            . . . .

---

[3]*See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 1. Article 11.072 is "the exclusive means by which the district courts may exercise their original habeas jurisdiction under Article V, Section 8, of the Texas Constitution in cases involving an individual who is either serving a term of community supervision or who has completed a term of community supervision." *State v. Guerrero*, 400 S.W.3d 576, 582 (Tex. Crim. App. 2013) (quoting *Ex parte Villanueva*, 252 S.W.3d 391, 397 (Tex. Crim. App. 2008) (orig. proceeding)). "An applicant seeking habeas corpus relief on the basis of an involuntary guilty plea must prove his claim by a preponderance of the evidence." *Kniatt*, 206 S.W.3d at 664.

4. Adame held the status of legal permanent resident when this indictment was filed.

5. Adame is now in the custody of federal authorities and is facing deportation and exclusion from the United States.

6. Adame testified that he told Old of his status and ask[ed] him to prevent this charge from permanently damaging his ability to become a citizen of the United States.

7. Adame testified that Old told him that after completing probation the charge would be nothing more than a blemish on his record. Adame testified that Old never told him he would be deported as a result of this charge.

8. The written admonishments contained in the court's file which were entered the day the plea was taken advise[d] Adame as follows[:] "If you are not a citizen of the United States, a plea of guilty or nolo contendere (no contest) for this offense will result in your deportation, your exclusion from admission to the country, or the denial of naturalization under federal law." Near this explanation appear the initials of Adame, attorney Old and the interpreter.

9. Adame testified that even though an interpreter explained the plea agreement papers he signed in court to him, he nevertheless was relying on his attorney's advice when he entered a plea of guilty.

10. Attorney Bird Old[,] III[,] testified that he and Adame discussed his immigration issues multiple times.

11. Old testified that he advised Adame that entering a plea of guilty to a drug offense was sufficient to cause him to be deported from the United States. Old testified that he told Adame that he should assume he would be deported if he plead guilty to this offense.

12. Old further testified that he told Adame he might want to consult with an immigration attorney before entering any plea to the charge.

13. Old testified that ultimately, when given a chance to plead guilty and receive deferred adjudication of guilt, Adame stated that he would accept that proposal and "take his chances."

4

14. Old testified that the court's interpreter took ample time to review the plea document with Adame[.]

15. Adame, Old, and the interpreter all initialed the section of the plea explaining that a plea of guilty to this charge "will result in your deportation, . . . ."

The court made the following conclusions of law:

1. The testimony of Old is found to be credible.

2. Old's testimony that he advised Adame that a guilty plea was sufficient to activate deportation is consistent with the information provided to Adame in the plea documents.

3. The plea admonishments clearly state that a plea of guilty will result in deportation, exclusion from the country, and denial of naturalization.

4. The court finds that Old properly informed Adame of the immigration consequences of entering a guilty plea to this charge.

5. The evidence is not sufficient to find that counsel Old's actions fell below an objective standard of reasonable attorney conduct in this situation.

6. Since Adame was properly warned of the consequences of his guilty plea, the court finds such plea was given freely and voluntarily.

We now review the record to determine if it supports the trial court's findings and conclusions.

## III. The Record

At the habeas hearing, Old testified that Adame was "well warned" of likely deportation as a result of his plea of guilty to the pending charge. As the trial court found, Old told Adame to "presume" he would be deported. Old said Adame "questioned [Old] about somebody he knew who had been on probation, that served it out, and didn't get deported." Old said he had heard of such instances, yet, he told Adame that he should still presume he would be deported. Describing Adame's situation at the time he faced the criminal charge, Old said, "[Adame's] problem was he

5

had to renew his status in this country, and I presume whether he told them or not [about his plea of guilty], when they ran his record, it would show up." Old acknowledged understanding that Adame's priority had been to be able to remain legally in the United States. Regarding Adame's decision to enter a plea of guilty, Old testified that Adame "told me he wanted to take a chance" and that Old told Adame that if he went to trial and was convicted, he would likely still face deportation. Old testified unequivocally that he advised Adame to consult an immigration attorney.

Adame testified at the habeas hearing that Old "never . . . gave [him] good information." Adame claimed that when he signed the plea papers, he did not understand that he faced deportation and that had he known such, he would not have signed the documents. The habeas court read to Adame the following sentence from the plea documents: "If you are not a citizen of the United States, a plea of guilty or nolo contendere, no contest, for this offense will result in your deportation, your exclusion from admission to the country or the denial of naturalization under federal law." The trial court asked Adame what he understood that sentence to mean, and Adame answered, "That means that you're deported or you're excluded from the country."

IV.     Analysis

"A finding that a defendant was duly admonished[4] creates a prima facie showing that a guilty plea was entered knowingly and voluntarily." *Martinez v. State*, 981 S.W.2d 195, 197 (Tex.

---

[4]A trial court accepting a defendant's plea of guilty or nolo contendere must admonish the accused regarding the range of punishment and that any punishment recommendation by the prosecution is not binding upon the State. Further, it must appear "that the defendant is mentally competent and the plea is free[ly] and voluntary[ily]" made. TEX. CODE CRIM. PROC. ANN. art. 26.13(b) (Supp.). Substantial compliance, as opposed to verbatim language, is effective to sufficiently warn the accused. *Id*.; *see also Richards v. State*, 562 S.W.2d 456, 458 (Tex. Crim. App. 1977) (op. on reh'g).

Crim. App. 1998) (per curiam).  Where an accused claims, in the face of a record showing such admonishments were made, that his plea was not voluntarily made, "the burden shifts to the defendant to demonstrate that he did not fully understand the consequences of his plea such that he suffered harm." *Id.*

Adame's appeal focuses on Old's alleged failure to advise Adame that his plea of guilty not only rendered him deportable, but excludable (Adame "would be permanently excluded from the United States," according to his brief).  Adame's brief does not explain the difference between deportable and excludable.  From his briefing, the record, and our brief review of the cited and other statutes, we interpret "excludable" to mean not eligible for admission to the United States.[5]

Adame provides no authority that a warning that a defendant will be "excludable" from the United States is required.  *Padilla* requires counsel "to give correct advice" where "the deportation consequences [are] truly clear."  *Padilla*, 559 U.S. at 369.  Old gave Adame correct advice:  he would be subject to deportation based on the conviction for possession of a controlled substance if he entered a plea of guilty to the charged offense.[6]  We have reviewed the record and find nothing to clearly show the trial court's finding, that Adame made his plea of guilty knowingly and voluntarily, was an abuse of the court's discretion.

---

[5]The two statutes cited in Adame's brief do not use or define that term, except in notes citing United States Public Laws, which substituted the term "inadmissible" for "excludable."  *See, e.g.*, Omnibus Consolidated Appropriations Act (1997), Pub. L. No. 104–208 (HR 3610), 110 Stat. 3009.  Also, "[a]ny alien . . . who admits having committed . . . a violation of . . . any law . . . of a State, . . . relating to a controlled substance . . . is inadmissible."  8 U.S.C.A. § 1182(a)(2)(A) (West, Westlaw current through P.L. 116-112, 116-127).

[6]Deferred adjudication supervision, for immigration purposes, is considered a conviction.  *See* 8 U.S.C.A. § 1101(A)(48)(A) (West, Westlaw current through P.L. 116-130); *State v. Guerrero*, 400 S.W.3d 576, 588 (Tex. Crim. App. 2013).

As we noted above, Old testified that he told Adame to assume he would face deportation. Old also testified that he "made it clear" to Adame that he faced deportation. Old characterized the interpreter at the plea hearing as "very thorough" and testified that as far as Old knew, the translator had read the admonishments—specifically those warning of deportation and exclusion—to Adame.[7] Old pointed to his initials, Adame's initials, and the interpreter's initials on each of those written admonishments. The initials "DA" appear at the beginning of that admonishment paragraph and at the end of the paragraph, next to the initials of Old and the interpreter.[8]

The issue before the habeas court was one of credibility and demeanor. Essentially, the issue required the habeas court to determine whether it believed Old's or Adame's testimony. Given that the habeas court was in a much better position to answer that question than this Court is, we defer to the habeas court on matters of credibility and demeanor. The habeas court's conclusions of law included, "The testimony of Old is found to be credible." No finding was made regarding Adame's credibility. Reviewing the record in the light most favorable to the court's

---

[7]At the habeas hearing, the State was represented by the same prosecutor who handled the plea negotiations with Old for the controlled substance prosecution. Regarding the interpreter at the plea hearing, the prosecutor asked Old, "And it takes [that interpreter] 20 to 30 minutes to review the plea papers in each case of this nature; is that correct? With the defendant?" Old answered, "It takes a good while, yes."

[8]This initialed paragraph reads, in part:
> **If you are not a citizen of the United States, a plea of guilty or nolo contendere (no contest) for this offense will result in your deportation, your exclusion from admission to the country, or the denial of naturalization under federal law**. . . . The criminal offense to which you are pleading guilty or "no contest" may or may not be subject to the mandatory deportation provisions of federal law, but for the purposes of entering your guilty plea or "no contest" plea in this matter, you should assume that such plea WILL SUBJECT you to the mandatory deportation provisions of federal law and that the federal authorities will be required to initiate deportation proceedings against you.

(Emphasis added). As noted previously, the bolded language was read by the court to Adame, who told it that he understood the language to mean that "you're deported or you're excluded from the country."

ruling and deferring to that court's ruling on the credibility of the witnesses, we cannot say that the trial court abused its discretion in finding that Adame made his plea voluntarily.

We affirm the trial court's ruling and judgment.


Ralph K. Burgess
Justice

Date Submitted:    February 20, 2020
Date Decided:     April 1, 2020

Do Not Publish